IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

METROPOLITAN LIFE
INSURANCE COMPANY                                                          PLAINTIFF

v.                              CASE NO. 4:11CV00521 BSM

ANGELA K. COCHRAN                                                          DEFENDANT

## PRELIMINARY INJUNCTION

A hearing was conducted this afternoon on a request for preliminary injunction filed by Metropolitan Life Insurance Company ("MetLife"). [Doc. No. 2]. MetLife appeared through counsel, Jeffrey L. Spillyards. Defendant did not appear. Based on MetLife's verified complaint, motion, and brief, the following findings are made:

1.   MetLife is a corporation organized and existing under the laws of the State of New York, with its principal place of business in the State of New York.

2.   Defendant Angela K. Cochran is an individual who resides at 600 South Oak Street, Little Rock, Arkansas 72205.

3.   MetLife is the insurer and Claims Administrator for The Railroad Employees National Health and Welfare Plan (the "plan"), which provides benefits, including life insurance benefits, to plan participants. The plan is governed by the Employee Retirement Income Security Act of 1973 ("ERISA").

4.   Mr. Michael Eugene Cochran (the "decedent") was a participant in the plan prior to his death on October 4, 2009. Following the decedent's death, MetLife began

working to make payment of the $20,000 life insurance benefit payable as a result of the death (the "benefit") to the appropriate beneficiary.

5. A "Designation and Change of Beneficiary Form" dated May 23, 1976, the most recent designation on file with the decedent's employer, identified "Angela Kay Cochran" as the decedent's beneficiary.

6. MetLife conducted a search for "Angela Kay Cochran." After receiving a letter from MetLife, defendant Angela K. Cochran contacted MetLife by telephone and stated that she did not know the insured. Later, however, defendant submitted to MetLife a "Life Insurance Claim Form Claimant's Statement," which is the form used by beneficiaries to request payment of benefits.

7. MetLife thereafter deposited the $20,000 benefit payable as a result of the Decedent's death into a Total Control Account ("TCA") that is wholly owned and controlled by defendant Angela K. Cochran.

8. MetLife has determined, however, that defendant is not the proper beneficiary of the benefit. On defendant's Claimant's Statement, she identified her 1985 date of birth. The beneficiary designation was completed in 1976, nine years prior to defendant's birth.

9. By letter dated April 13, 2011, MetLife explained to defendant that she was not the correct beneficiary under the plan, and it requested that defendant return the checkbook associated with the TCA. Defendant did not respond in any way.

10. Through a verified complaint, MetLife has explained that it will suffer immediate and irreparable injury if defendant is not immediately restrained from withdrawing, dissipating, transferring, or otherwise accessing the funds in the TCA because MetLife will lose its right to a constructive trust over the benefit.

11. An *ex parte* temporary restraining order was previously entered prohibiting defendant from withdrawing, dissipating, transferring, or otherwise accessing the funds in the TCA. [Doc. No. 4].

12. Defendant is hereby preliminarily enjoined from withdrawing, dissipating, transferring, or otherwise accessing the funds held in the TCA which represent the benefit payable as the result of the death of Michael Eugene Cochran, including accrued interest.

13. This preliminary injunction will be in full force and effect until such time as a final decision is rendered in this matter.

14. MetLife is hereby ordered to serve a file-marked copy of this preliminary injunction forthwith upon defendant Angela K. Cochran.

IT IS SO ORDERED this 11th day of July 2011.

                                                          UNITED STATES DISTRICT JUDGE